ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| KBAJ Enterprises, LLC t/d/b/a Home Again | ) | ASBCA No. 60014 |
| | ) | |
| Under Contract No. SPE5EM-14-V-5503 | ) | |

APPEARANCE FOR THE APPELLANT: Mr. Joseph Dente
General Manager, Member and
Corporate Officer

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
DLA Chief Trial Attorney
John F. Basiak, Jr., Esq.
Steven C. Herrera, Esq.
J. Maxwell Carrion, Esq.
Trial Attorneys
DLA Troop Support
Philadelphia, PA

OPINION BY ADMINISTRATIVE JUDGE MELNICK ON
GOVERNMENT'S MOTION TO DISMISS

This appeal arises from an alleged deemed denial by the contracting officer (CO) of appellant's claim seeking payment for delivered items under a purchase order (PO). The government moves to dismiss the appeal for lack of jurisdiction, or alternatively, for failure to state a claim upon which relief can be granted. Subsequent to the filing of the government's motion, the Board, *sua sponte*, directed the parties to brief whether a sum certain claim was submitted to a CO for a decision pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. In response, the government contends that no proper claim was submitted to the CO. Because we conclude that a claim was not submitted to a CO, we dismiss the appeal for lack of jurisdiction.

FINDINGS OF FACT

1. On 31 July 2014, Defense Logistics Agency Troop Support, Hardware (DLA or government), issued unilateral PO No. SPE5EM-14-V-5503 (PO 5503) to KBAJ Enterprises, LLC t/d/b/a Home Again[1] (KBAJ or appellant) for the delivery of

---

[1] The PO was issued to "KBAJ ENTERPRISES DBA." This appeal was filed by appellant's representative in the name of KBAJ Enterprises LLC. At the Board's direction, the parties clarified that the proper name of appellant in this

500 weather-resistant neoprene rubber strips for a total price of $4,505 (R4, tab 3 at 9-13[2]; compl. ¶ 4). The PO contemplated delivery of the quantities by 10 November 2014 (R4, tab 3 at 13).

2. Under block 6 of PO 5503, Ms. Sharon Sax is identified as the "Local Admin" (R4, tab 3 at 9). Ms. Sax was not the CO who issued the PO.

3. On 17 September 2014, KBAJ received notice from DLA that 60 of the 500 shipped items were accepted (compl. ¶ 31; gov't mot. at 3, ¶ 16). Two days afterward, KBAJ received a partial payment of $540.60 for the accepted items without allegedly receiving any information as to why the other shipped items were not accepted (compl. ¶¶ 32-33; gov't mot. at 3, ¶ 17).

4. Between September 2014 and March 2015, KBAJ corresponded with various DLA personnel, including Ms. Sax and her supervisor Mr. Jonathan Hampton, who identified himself as a Branch Chief for the "Industrial Hardware/Post Award-FHCC" division, seeking an explanation as to why DLA withheld payment of $3,964.40, the balance corresponding to the 440 items under PO 5503 that DLA did not formally accept (R4, tab 4; app. supp. R4, tabs 3, 7).

5. In a letter dated 21 April 2015 addressed to Ms. Sax, KBAJ stated in part:

> RE: CONTRACT NO. SPE5EM-14-V-5503
>
> Dear Sharon:
>
> You are listed as the local administrator of the above referenced contract. As you know from our past requests we have been attempting to resolve the alleged issues associated with this award. To date we have been ignored, stonewalled and simply not responded to with regard to our attempts to resolve the alleged problems. Therefore, pursuant to the terms and conditions of said contract we are hereby asking if you would agree to submit this matter to [Alternative Disputes Resolution (ADR)] for resolution. Please let us know your position on or before COB, Friday April 24, 2015. If we do not hear from you

---

appeal is "KBAJ Enterprises, LLC t/d/b/a Home Again" (*see* Bd. corr. gov't ltr. dtd. 9 June 2016, ex. A). The caption in this appeal is modified accordingly.

[2] Citations to the Rule 4 file are to the consecutively-numbered pages unless otherwise indicated.

by that date we will take you[r] lack of response as a refusal to submit the matter to [ADR].

Finally, if you are not going to agree to [ADR], then please provide us with your written decision as to why you are refusing to pay the balance due and owning [sic] under this award. We require your decision so that the same can be submitted with our claim we intend on filing with the Armed Services Board Of Contract Appeals. If we do not receive your decision by COB, Friday April 24, 2015, we will notify the Board that no decision was received from despite our requests for the same.

We regret we have to take these actions but the failure of all offices and employees of the DLA to respond in a professional manner to our prior requests have left us with no choice. We look forward to your response. Please note that by a copy of this request we are notifying some of the other individuals of our demands.

(R4, tab 6) Mr. Hampton and other individuals were copied on the letter (*id.*). KBAJ did not identify any of the individuals as a CO. KBAJ's complaint alleges this correspondence is its "final demand letter" (compl. ¶ 47).

6. In a response to, among other things, a 10 March 2016 letter from KBAJ allegedly addressed to DLA's Small Business Office, CO Jayne Manco's (CO Manco's) 22 April 2015 letter informed KBAJ that the contracting office had requested traceability documentation for PO 5503 and other POs issued to KBAJ. CO Manco communicated that acceptance of delivered items would not occur prior to receipt of sufficient documentation evidencing that the items furnished met technical requirements under the respective POs. (R4, tab 8 at 23)

7. In a letter dated 24 April 2015, CO Manco denied KBAJ's request to proceed under ADR in PO 5503 and other POs (R4, tab 10). The letter does not mention or reference KBAJ's 21 April 2015 letter.

8. In response to CO Manco's 22 April letter, KBAJ, in a letter dated 24 April 2015, complained that CO Manco and the contracting office "have been and continue to target our business because we have disclosed to you on many occasions the issues associated with [the POs issued to KBAJ]" (R4, tab 12 at 29). The letter specifically expressed dissatisfaction with CO Manco's handling of matters, including

3

but not limited to, alleged failures to provide timely and adequate responses to KBAJ's requests for documentation and the CO's recusal (*id.* at 29-30).

9. On 28 May 2015, KBAJ filed its notice of appeal to this Board, appealing "the Deemed Denial of the Contracting Officers, JONATHAN HAMPTON and SHARON SAX" of its request for a written decision.

## DECISION

DLA filed a motion to dismiss the appeal, arguing that there is no enforceable contract between the parties, or alternatively, KBAJ's complaint fails to state a claim upon which relief can be granted. Subsequent to DLA's motion, the Board issued an order directing the parties to address whether KBAJ submitted a sum certain claim to the CO for a decision in this appeal (Bd. corr., order dtd. 1 July 2016). KBAJ did not submit a response. In its response, DLA asserted that KBAJ's 21 April 2015 letter did not constitute a CDA claim because it "did not contain sufficient detail to notify the contracting officer of the factual allegations upon which this appeal is premised" (*see* Bd. corr., gov't ltr. dtd. 28 July 2016). DLA argues that the 21 April letter did not assert a demand for payment nor invoke the CDA disputes process, and CO Manco's 24 April 2015 letter was not a final decision (*id.*).

As the proponent of our jurisdiction, KBAJ bears the burden to establish jurisdiction by a preponderance of the evidence. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. "The facts supporting jurisdiction are subject to our fact-finding upon a review of the record." *Id.* A contractor's submission of a proper claim to a CO for a decision is a jurisdictional prerequisite for the Board to entertain an appeal under the CDA. 41 U.S.C. § 7103(a); *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816.

The CDA does not define the term "claim"; however, FAR 2.101 defines a claim, in relevant part, as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain." A claim is not required to be submitted in any particular form or use any particular wording, but must provide to the CO adequate notice of the basis and amount of the claim and request a final decision. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010). The claim must also be submitted to a CO. To satisfy the submission requirement, a contractor can either submit its claim directly to a CO or "to its primary contact [with the government] with a request for a final decision of *the contracting officer* and a reasonable expectation that such a request will be honored, and the primary contact in fact timely delivers the claim to the contracting officer." *Neal & Co., Inc. v. United States*, 945 F.2d 385, 388 (Fed. Cir. 1991); *see also Gardner Zemke Co.*, ASBCA No. 51499, 98-2 BCA ¶ 29,997.

KBAJ's notice of appeal did not attach nor indicate a specific document that serves as its claim in this appeal. Although KBAJ failed to respond to our order, its complaint characterizes its 21 April 2015 letter as a "final demand letter" (finding 5). We presume that KBAJ attempts to appeal from an alleged CO's deemed denial of this letter. On its face, the 21 April letter is specifically addressed to Ms. Sax, who is identified by KBAJ as a local administrator and is also identified as a "Local Admin" under PO 5503 (findings 2, 5). The letter also copied Mr. Hampton who is identified as a "Branch Chief" in prior correspondence (finding ¶ 4). KBAJ's notice of appeal to the Board alleges that Ms. Sax and Mr. Hampton are COs, but a review of the record does not substantiate that allegation. Therefore, we are unable to conclude that the 21 April letter was submitted directly to a CO for jurisdictional purposes.

We next determine whether KBAJ meets the CDA's submission requirement by sending a proper claim to a primary contact. Pursuant to *Neal*, the requirement may be met by submitting a claim to the primary contact "with a request for a final decision of *the contracting officer* and a reasonable expectation that such a request will be honored." 945 F.2d at 388. While the 21 April letter does expressly request a decision from Ms. Sax, even if we were to assume she is a primary contact and the letter otherwise meets the requirements of the FAR definition of a claim, the evidence fails to establish that KBAJ intended and reasonably expected a decision from a CO. We can reasonably infer that, based on statements made in KBAJ's 24 April letter to CO Manco, KBAJ was aware that CO Manco was the cognizant CO on matters related to PO 5503 and other POs, going so far as requesting her recusal (finding 8). Even with this knowledge, KBAJ elected to submit its 21 April letter directly to Ms. Sax. *See Bruce E. Zoeller*, ASBCA No. 55654, 07-1 BCA ¶ 33,581 at 166,347 (appellant was aware of the CO's identity under the lease, and submitted a claim seeking "a Chief Accountable Officer's decision" that failed to establish a submission of a claim to a CO under the CDA). Under these circumstances, we conclude that KBAJ intended to resolve its dispute with Ms. Sax, or in other words, someone other than the cognizant CO at the time. *See D.L. Braughler Co. v. West*, 127 F.3d 1476, 1481-82 (Fed. Cir. 1997) (letter styled as a claim with a certification and submitted to the resident engineer, who was an authorized representative of the CO, did not meet submission requirement because letter sought to resolve matter directly with resident engineer). Therefore, KBAJ has failed to prove that it has satisfied the CDA's submission requirement. We lack jurisdiction to entertain this appeal.[3]

---

[3] Because we determine that KBAJ's failure to submit a claim to a CO for a decision deprives us of jurisdiction over this appeal, we need not address alternative grounds for dismissal raised in DLA's motion.

## CONCLUSION

We dismiss the appeal for lack of jurisdiction, without prejudice to the contractor's submission of a claim to a CO.

Dated: 22 November 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60014, Appeal of KBAJ Enterprises, LLC t/d/b/a Home Again, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6